# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ABDIKANI SHEIKALI DIINI,

      Plaintiff,

v.

MARK HANSEN, et al.,

      Defendants.

Case No. 2:08-cv-357
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Motion to Dismiss (Doc. # 5) and Plaintiff's Response to Defendants' Motion to Dismiss (Doc. # 16). For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss.

## I. Background

Plaintiff, Abdikani Sheikali Diini ("Plaintiff"), is a citizen of Somalia and present in the United States as an asylee and applicant for adjustment of status. Complaint at 3. He was granted asylum by a Philadelphia immigration law judge on May 4, 2001, and now resides in Ohio. *Id.* Plaintiff became eligible to apply for adjustment of his status one year from that date, and on October 28, 2002, applied for said adjustment by filing a Form I-485 with the United States Citizenship and Immigration Services ("USCIS"), Nebraska Service Center. *Id.* at 6-7, Ex. 2. As part of the application for adjustment of status, Plaintiff is required to submit to a background investigation, which includes a Federal Bureau of Investigation ("FBI") name check, an Interagency Border Inspection System ("IBIS") check, and an FBI fingerprint check, to ensure that he is eligible for the immigration benefit and that he is not a risk to public safety. *See*

8 U.S.C. § 1255(a); 8 U.S.C. § 1182(a) (requirements for admissibility, including disqualifying conduct and convictions). USCIS also conducts investigations into the *bona fides* of petitions and applications that have been filed in order to maintain the integrity of the application process and to ensure that no fraud occurs. *Id.* Plaintiff has thus far submitted fingerprint exemplars to USCIS as of September 20, 2005 pursuant to an Appointment Notice. (Doc. # 2, Ex. 3.) Plaintiff was also interviewed by USCIS on September 20, 2005. *Id.* To date, Plaintiff's application remains unadjudicated. *Id.* ¶ 9.

Plaintiff filed the instant action against Michael Chertoff, Secretary of U.S. Department of Homeland Security and Mark Hansen, District Director of U.S. Citizenship and Immigration Services, Cleveland, on April 16, 2008, alleging that the continued delay of the adjudication of his application for change of status was unreasonable and in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. *Id.* ¶ 10. Plaintiff seeks a Writ of Mandamus directing Defendants to complete the adjudication of his application within sixty (60) days. (Doc. # 2.) On July 29, 2008, Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. # 5.) Thereafter, Plaintiff filed his response in opposition. (Doc. # 16.)

**II. Standards of Review**

**A. Fed. R. Civ. P. 12(b)(1)**

Rule 12(b)(1) motions to dismiss based upon lack of subject matter jurisdiction generally come in two varieties: A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under

12(b)(6) motions to dismiss. On the other hand, when a court reviews a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *see also Nat'l Assoc. of Minority Contractors v. Martinez*, 248 F. Supp.2d 679, 681 (S.D. Ohio 2002). When facts presented to the district court give rise to a factual controversy, the district court must weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist. *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325. In reviewing motions asserting a factual attack, a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id.*

Regardless of the type of attack, the plaintiff bears "the burden of proving jurisdiction in order to survive the motion [under 12 (b)(1)]." *Moir v. Greater Cleveland Regional Transit Authority,* 895 F.2d 266, 269 (6th Cir. 1990). Moreover, the Court has the obligation to satisfy itself that it has subjection matter jurisdiction over the action before it proceeds. "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974); *see also Kusens v. Pascal Co.,* 448 F.3d 349, 359 (6th Cir. 2006). Further, jurisdiction must be proved by a preponderance of the evidence. *Fonov v. Gonzales*, No. 3:07-cv-207, 2007 U.S. Dist. LEXIS 71037, at *6 (S.D. Ohio Sept. 25, 2007). Here, Defendants mount a facial attack questioning the sufficiency of Plaintiff's pleading, not disputing any factual matters. Consistent with this standard, the Court will proceed by accepting Plaintiff's allegations made in his Complaint as true.

**B. Fed. R. Civ. P. 12(b)(6)**

Defendants also move for dismissal under Rule 12(b)(6). Under the United States Supreme Court's recent articulation of the standard, this Court must construe the Complaint in favor of Plaintiffs, accept the factual allegations contained in the Complaint as true, and determine whether Plaintiffs' factual allegations present plausible claims. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). The claims must be plausible and not merely conceivable. *Id*. at 1974; *Tucker v. Middleburg-Legacy Place, LLC*, No. 1:07CV2015, 2007 U.S. Dist. LEXIS 81831, at *4 (N.D. Ohio Nov. 5, 2007).

### III. Analysis

**A. Mandamus Relief**

Plaintiff asserts that this Court has subject matter jurisdiction pursuant to the Mandamus Act, 28 U.S.C. § 1361. The Mandamus Act provides that district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A Writ of Mandamus, however, is intended to provide a remedy only if the plaintiff has exhausted all other forms of relief and only if the defendant owes the plaintiff a clear, non-discretionary duty. *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). A court may issue a Writ of Mandamus if (1) the plaintiff can show a clear right to the relief sought, (2) the defendant has a clear, non-discretionary duty to act, and (3) no other adequate remedy is available. *Fonov*, 2007

4

U.S. Dist. LEXIS 71037, at *11 (citing *Nyaga v. Ashcroft*, 323 F.3d 906, 911 (11th Cir. 2003), *cert. denied,* 540 U.S. 1017 (2003)).[1]

Generally speaking, the Mandamus Act does not provide an independent basis for federal jurisdiction; it merely provides a remedy in actions otherwise properly brought on independent jurisdictional grounds. *Andrean v. Secretary of U.S. Army*, 840 F. Supp. 1414, 1420 (D. Kan. 1993) (citing *Udall v. Oil Shale Corp.,* 406 F.2d 759 (10th Cir. 1969)). Some courts, including the Sixth Circuit, however, have taken jurisdiction over adjustment-related claims to determine whether a Writ of Mandamus should be issued. *See Coal Operators and Associates, Inc. v. Babbitt,* 291 F.3d 912, 915 (6th Cir. 2002) (recognizing that the district court may take jurisdiction to determine whether the defendant owes a duty to the plaintiff); *Fonov*, 2007 U.S. Dist. LEXIS 71037, at **9-10 (accepting jurisdiction to determine whether the plaintiff had established jurisdiction under the Mandamus Act). Based on *Babbitt*, this Court will accept jurisdiction for the purpose of determining whether Plaintiff has established a claim under the Mandamus Act.

### 1. Right to Relief Sought

Section 1255(a) of Title 8 of the United States Code provides, in pertinent part:

> The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the

---

[1] In *Fonov*, the Honorable Thomas M. Rose of this Court wrote a persuasive, well-reasoned decision that is directly on point. As Judge Rose noted, there is a division among district courts regarding whether mandamus jurisdiction exists to review claims such as the ones raised by Plaintiff. *Fonov*, 2007 U.S. Dist. LEXIS 71037, at **15-17 (collecting cases). Judge Rose's analysis informs this Court's.

          United States for permanent residence, and (3) an immigrant visa is
          immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a). Furthermore, the applicant must be notified of the decision of the director and, if the application is denied, the reasons for the denial. 8 C.F.R. § 245.2(a)(5)(i). Here, § 1255(a) confers upon Plaintiff the right to have his application adjudicated; Defendants do not argue otherwise and other district courts have so found under similar factual situations. *See Fonov*, 2007 U.S. Dist. LEXIS 71037, at *11. Therefore, the first element of mandamus relief has been met in this case.

### 2. Clear, Non-Discretionary Duty to Act

The parties do, however, dispute whether Plaintiff is owed a clear, non-discretionary duty. As indicated above, unless some statute creates a duty owed to Plaintiff by Defendants, a Writ of Mandamus will not issue. Plaintiff argues that, pursuant to the Immigration and Nationality Act, Defendants have a duty to adjudicate his application within a reasonable time. 8 U.S.C. § 1255(a). This Court disagrees.

Section 1255(a) clearly gives the Attorney General the discretion to adjudicate Plaintiff's application and does not identify a time period within which his application must be completed. *See Fonov*, 2007 U.S. Dist. LEXIS 71037, at **11-12; *see also Zhang v. Secretary of Homeland Security*, No. 1:07CV224, 2007 U.S. Dist. LEXIS 64754, at *11 (N.D. Ohio Aug. 31, 2007). The absence of a stated time period in which to adjudicate Plaintiff's application indicates Congress' intent to provide discretion to the Attorney General to conduct background checks in connection with adjustment of status applications. Consequently, the Attorney General does not have a clear, non-discretionary duty, pursuant to 8 U.S.C. § 1255(a), to complete his background check within a certain time period.

6

Alternatively, Plaintiff argues that in the Immigration Services and Infrastructures Improvement Act of 2000, 8 U.S.C. § 1571 *et seq.*, "Congress gave a clear, direct declaration that delays in adjudication of immigration benefits that exceed 180 days should no longer be tolerated." (Doc. #16 at 3.) Section 1571(b) states that "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application. . . ." Despite Plaintiff's argument to the contrary, this section does not create a clear, non-discretionary duty for Defendants. The clear language of § 1571(b) states that an immigration benefit application "should be" completed within 180 days; this language does not create a mandatory duty to act, however. Even though Congress may desire for immigration benefit applications to be completed within a certain time period, it stopped short of declaring that those applications *must be* completed within that time period. It therefore does not modify, but rather reinforces, the discretion provided to the Attorney General in § 1255(a). Thus, the language of § 1571(b) does not change the fact that the Attorney General owes no duty to Plaintiff to complete the adjudication of his application within a set time period.

Finally, Plaintiff argues that Defendants have a duty to adjudicate his application under Section 555(b) of the Administrative Procedures Act ("APA"). 5 U.S.C. § 555(b). The APA permits courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). It further provides that "[a] person suffering a legal wrong because of an agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statue, is entitled to judicial review thereof." 5 U.S.C. § 702. As Plaintiff points out in his brief, the APA also states that "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to

conclude a matter presented to it." 5 U.S.C. § 555(b). However, a party cannot seek to compel "agency action [that] is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Moreover, a claim may not be reviewed by a court where the agency has not forestalled the decisive action regarding the matter, but is in the process of gathering the information necessary to make its decision. *Fonov*, 2007 U.S. Dist. LEXIS 71037, at *13 (citing *National Parks Conservation Association v. Norton*, 324 F.3d 1229, 1240 (11th Cir. 2003)).

The Supreme Court has determined that "the only agency action that can be compelled under the APA is action legally *required*." *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 63 (2004) (emphasis in original). Here, the legally required action by Defendants is to adjudicate Plaintiff's change of status application. This action has commenced and Defendants are within their discretion to adjudicate the application. The APA does not permit this Court to compel Defendants to complete Plaintiff's background check within any set time frame. Plaintiff has not alleged any facts that suggest that Defendants have unreasonably delayed his application, are proceeding in bad faith, or are allowing his application to sit idle. In short, Plaintiff has not pled any factual allegations that create a duty in Defendants to adjudicate Plaintiff's application within a set time pursuant to the APA nor any that suggest that information-gathering is not on-going.

Based on the foregoing, Plaintiff has failed to present any factual allegations that could satisfy the second requirement necessary to obtain a Writ of Mandamus and, therefore, has not presented a plausible claim under that this Court possesses jurisdiction under the Mandamus Act.

### B. Jurisdiction Under the APA

Plaintiff also argues that this Court has federal question jurisdiction under the APA.

However, the APA does not, by itself, create an independent cause of action. *Califano v. Sanders*, 430 U.S. 99, 105-06 (1977). Even if the APA and 28 U.S.C. § 1331, read together, could create subject matter jurisdiction, Plaintiff has not made factual allegations that present a plausible claim. As discussed above, Plaintiff has not established a cause of action under the APA. Therefore, this Court does not have federal question jurisdiction under the APA.

## IV. Conclusion

For the reasons aforementioned, this Court **GRANTS** Defendant's Motion to Dismiss. (Doc. # 5.) The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE